**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DARREN L. SEAWRIGHT,  :  | |
| : | Civil Action No. 08-4443 (NLH) |
| Petitioner,  : | |
| : | |
| v.  : | **OPINION** |
| : | |
| WARDEN JEUL COLES,  : | |
| : | |
| Respondent.  : | |
| _____ : | |

**APPEARANCES**:
Petitioner pro se
Darren L. Seawright
Burlington County Jail
54 Grant Street
Mount Holly, New Jersey 08060

**HILLMAN**, District Judge

Petitioner Darren L. Seawright, a prisoner currently confined at Burlington County Jail in Mount Holly, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to proceed in forma pauperis.[2]  The sole respondent is Warden Jeul Coles.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Based upon Petitioner's affidavit of indigence, this Court will grant him leave to proceed in forma pauperis.

I.   BACKGROUND

Petitioner is a pre-trial detainee confined at the Burlington County Jail in Mount Holly, New Jersey. Petitioner alleges that he was arrested on March 10, 2008, and that he has been indicted on charges of burglary and theft.

Petitioner alleges that he has advised the trial court that he wishes to represent himself in the pending criminal matter. He alleges that he has filed various unsuccessful pre-trial motions, including a motion for preliminary hearing, a motion to dismiss the indictment, and a motion to suppress evidence. Plaintiff alleges that there was not probable cause to arrest him, that fingerprint evidence has been fabricated, and that there is not a clear chain of custody with respect to the fingerprint evidence. Plaintiff alleges that the trial judge abused his discretion in denying the pre-trial motions.

Plaintiff admits that some of his claims have not been presented to the Superior Court of New Jersey, Appellate Division, or to the Supreme Court of New Jersey.

Plaintiff alleges that he has filed a petition for writ of habeas corpus in state court, but that the state petition has not yet been decided. Approximately five months have elapsed since that state petition was filed.

Petitioner seeks all appropriate relief.

On September 12, 2008, this Court ordered Petitioner to show cause in writing why this Petition should not be dismissed for failure to allege extraordinary circumstances justifying federal intervention in a pending state criminal matter and for failure to exhaust state remedies.  On September 22, 2008, this Court received Petitioner's response.  This matter is now ready for disposition.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of

the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

(2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d at 443.

In this matter, the facts as alleged fail to rise to the level of "extraordinary circumstances" justifying issuance of a federal pre-trial writ of habeas corpus.  Most of Petitioner's claims involve defenses to the criminal charges, which can be raised and litigated in the pending state proceedings.  In addition, Petitioner admits that he has not exhausted his state remedies.

4

In response to this Court's Order to Show Cause, Petitioner has merely reiterated the allegations of the Petition, that he has various constitutional defenses to the criminal charges against him.  He fails to present any extraordinary circumstances that would justify issuance of the writ of habeas corpus.  Accordingly, the Petition will be dismissed.

This Court makes no finding as to the merits of the constitutional claims asserted in the Petition.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed.  An appropriate order follows.


At Camden, New Jersey           s/Noel L. Hillman
                                Noel L. Hillman
                                United States District Judge

Dated: October 3, 2008